IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL,                        )
                                         )
                    Petitioner,          )
                                         )
v.                                       )        Case No. CIV-11-1513-W
                                         )
JUSTIN JONES,                            )
                                         )
                    Respondent.          )

## REPORT AND RECOMMENDATION
## ON THE ORIGINAL HABEAS PETITION[1]

The Petitioner, Mr. Lavern Berryhill, is a state prisoner who seeks a writ of habeas corpus under 28 U.S.C. § 2241.  Mr. Berryhill contends that he has suffered racial hatred, lost emergency time credits (called "CAP credits"), experienced a demotion in credit level without due process, and faced disciplinary sanctions without constitutional safeguards.  The Respondent moved for dismissal, and the Court converted the motion to one for dismissal or summary judgment on the issues involving expiration of the limitations period and exhaustion of state administrative remedies.  The Court should *sua sponte* order dismissal on the claims involving racial animosity.  The Respondent is entitled to summary judgment on the claims involving errors in the award of CAP credits, erroneous assignment of earned

---

[1]        The present report does not address the supplemental habeas petition (Doc. 7).

credit levels, and disciplinary sanctions in 2008, 2009, and 2010.[2]   The claim involving

disciplinary sanctions in 2011 should be dismissed *sua sponte* on grounds of mootness.

I.      Claim One:  Racial Hostility and Removal of CAP Credits

        The first claim consists of a series of allegations about racial hatred and errors in the

award of credits.  The Respondent is entitled to summary dismissal of the allegations

---

[2]      The Court has jurisdiction to grant relief only when a habeas petition under Section 2241 is
filed in the district of confinement.  *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)
(stating that a habeas petition arising under 28 U.S.C. § 2241 "must be filed in the district where the
prisoner is confined" (citation omitted)).  That district is the Eastern District of Oklahoma rather
than the Western District of Oklahoma.  *See* 28 U.S.C. § 116(b) (2006).  Consequently, the latter
does not have jurisdiction to grant relief.  *See*, *e.g.*, *Montalvo v. Werlizh*, 461 Fed. Appx. 818, 819
(10th Cir. Apr. 5, 2012 (unpublished op.) (holding that the district court lacked jurisdiction because
the claimant was confined in Wisconsin when he filed the habeas petition in the Western District
of Oklahoma); *United States v. Dotson*, 430 Fed. Appx. 679, 684 (10th Cir. July 13, 2011)
(unpublished op.) (holding that the Western District of Oklahoma lacked jurisdiction because the
habeas petitioner was incarcerated in Georgia when he began the action).  However, this impediment
does not involve subject-matter jurisdiction.  The Tenth Circuit Court of Appeals has explained:

> "The fact that a prisoner is outside the territorial limits of a federal district
> court does not deprive it of subject matter jurisdiction.  A district court has *subject
> matter* jurisdiction over a habeas corpus petition alleging a violation of federal law
> under federal question jurisdiction."  The issue is "whether a district court without
> personal jurisdiction over a person's *custodian*, outside its territorial limits, would
> have the power to enforce its orders."  "[T]he court issuing the writ must have
> personal jurisdiction over the person who holds the petitioner in custody ... because
> [t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon
> the person who holds him in what is alleged to be unlawful custody."

*United States v. Foster*, 4 Fed. Appx. 605, 606 (10th Cir. Feb. 7, 2001) (unpublished op.) (citations
omitted; emphasis in original); *accord Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004) (stating
that the issue of "jurisdiction," as used in the sense relating to "jurisdiction" over the custodian, does
not involve subject-matter jurisdiction).  Thus, the Court has discretion to entertain the Respondent's
arguments for dismissal and summary judgment notwithstanding the Court's lack of "jurisdiction"
to grant habeas relief.

involving racial hostility and to summary judgment on the claim involving loss of CAP credits.

A.   The Allegations Involving Racial Animosity

Mr. Berryhill's first claim largely consists of allegations involving a criminal kidnaping by the state attorney general, the state attorney general's confession to a federal judge that all of his criminal proceedings had involved "Ku Klux Klan race hate," a federal district judge's "brother[hood]" with the Ku Klux Klan, the judge's decision to kidnap Mr. Berryhill, an assistant United States Attorney's acknowledgment of a conspiracy, and the fabrication of a conviction.[3]  The Respondent has declined to address these allegations.[4]  But the Court should screen the petition to determine whether the allegations are facially valid.[5] They are not.  Indeed, in a separate case, the Court ordered summary dismissal of similar claims arising under 42 U.S.C. § 1983 because they were frivolous.[6]  The allegations here are substantially similar and remain frivolous notwithstanding the shift from Section 1983 to habeas corpus.  As a result, the Court should summarily dismiss the delusional allegations of a racially charged plot.

---

[3]     Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 at pp. 1-7 (Dec. 29, 2011).

[4]     *See* Respondent's Motion to Dismiss and Brief in Support of Motion at p. 6 n.1 (Jan. 27, 2012).

[5]     *See* Rules 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.

[6]     *Berryhill v. United States*, Case No. CIV-12-225-C (W.D. Okla. May 15, 2012).

3

B.      The Allegations About Errors in the Award of CAP Credits

As part of the first claim, Mr. Berryhill also alleges a loss of CAP credits.  In the

petition, Mr. Berryhill states:

> From 1991 til 1996, because of prison overcrowdness [sic], the Governors of Okl. commuted my first 20 year sentence, 60 days every 60 days for 6 years . . .   The commutation was call [sic] "Cap . . ."  Oklahoma legislators awarded Cap to all none [sic] violent offenders that did not violate any of Okl. repeat offender legislation . . .  Okl. D.O.C. policy & procedures dictates that if an offender is received with a "J&S" of 2 or more prior convictions in violation of Okl. Title 21 Section 1731 and if that "J&S" is placed in dispute by D.O.C. system, that offender is to be return [sic] to the county he came from and the dispute Resolved: When D.O.C. placed me on the "Cap" commutation list and allowed the Okl. Gov.(s) to commute my 20 year sentence for 6 years, my sentence was placed in dispute and in 1996, the Okl. Atty. Gen. directed D.O.C. "not" to allow me to go back to court or any form of due process, just take my "Cap . . ."  At that point, the Okl. Atty. Gen. "criminally kidnapped me" and placed me in "involuntary servitude, hard core slave labor" in direct violation of the 13th Amend. of the U.S. Const."[7]

Although *pro se* pleadings are liberally construed,[8] this passage is difficult to comprehend.

Mr. Berryhill appears to be complaining about something that had taken place in 1996 with

regard to his CAP credits.  This claim is untimely.

---

[7]      Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 at pp. 1-2 (Dec. 29, 2011).

[8]      *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that a *pro se* document was "to be liberally construed").

4

Standard for Summary Judgment

For summary judgment, the Respondent must show the absence of a "genuine dispute as to any material fact" and his entitlement "to judgment as a matter of law."[9] Parties may establish the existence or nonexistence of a material disputed fact through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or"

- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[10]

When a summary judgment motion is filed, "[t]he court views the record and draws all . . . inferences in the light most favorable to the non-moving party."[11]

Timeliness

A one-year limitations period exists in habeas actions arising under 28 U.S.C. § 2241.[12] At the latest, the one year would have begun when the underlying factual predicate

---

[9]   Fed. R. Civ. P. 56(a); *see Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) ("Federal Rule of Civil Procedure 56 'applies to habeas proceedings.'" (citation omitted)); *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994) (*en banc*) ("As a general principle, Rule 56 of the Federal Rules of Civil Procedure is applicable in habeas corpus cases." (citations omitted)).

[10]   Fed. R. Civ. P. 56(c)(1)(A)-(B).

[11]   *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

[12]   *See* 28 U.S.C. § 2244(d)(1) (2006); *see also Dulworth v. Evans*, 442 F.3d 1265, 1267-68 (10th Cir. 2006) (holding that the one-year limitations period under 28 U.S.C. § 2244(d)(1) applies to habeas actions challenging administrative decisions under 28 U.S.C. § 2241).

for the claim had become reasonably discoverable to Mr. Berryhill.[13]   The Court lacks

information about when Mr. Berryhill first learned about the removal of CAP credits.

However, he clearly knew by February 12, 2004, because on that date he submitted a request

to staff with a complaint about the removal of CAP credits.[14]   From that administrative

complaint, Mr. Berryhill waited over seven years (December 29, 2011) to initiate the present

habeas action.   As a result, a complaint about the loss of CAP credits in 1996 is time-barred

and the Respondent is entitled to summary judgment on this claim.

II.     Claim Two: Undefined Errors in the Petitioner's Classification Level

        The Petitioner's second claim relates to Oklahoma's system for classification in one

of four levels.[15]   These levels are used for various purposes, including eligibility to earn

credits that can result in early release.[16]   At various times during his incarceration, Mr.

Berryhill has been assigned to each of the four available levels.[17] According to Mr. Berryhill,

---

[13]     *See* 28 U.S.C. S. 2244(d)(1)(D) (2006).

[14]     Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 3 at p. 6 (Jan. 27, 2012).

[15]     *See* Okla. Stat. tit. 57 § 138(D) (2011).

[16]     *See* Okla. Stat. tit. 57 § 138(D) (2011).

[17]     *See* Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibits 4-8 (Jan. 27, 2012).

he has been improperly deprived of earned credits through erroneous level assignments.  The claim is unexhausted regardless of which classification reviews are involved.[18]

Under federal common law, a prisoner must ordinarily exhaust state administrative remedies before he can initiate federal habeas proceedings.[19]  Such a remedy exists here through the DOC grievance procedure.[20]

The Respondent presents undisputed evidence that Mr. Berryhill has never filed a grievance regarding his level assignment.[21]  As a result, Mr. Berryhill's second claim — however it is to be interpreted — is unexhausted and subject to summary judgment.[22]

---

[18]    The Respondent has presented documentation of 58 disciplinary convictions, with half of them resulting in demotion in classification for a specified time-period.  Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 1 at pp. 1-3, Exhibit 2 at pp. 1-2 (Jan. 27, 2012).

[19]    *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (providing that exhaustion of state administrative remedies is ordinarily required in habeas actions brought under 28 U.S.C. § 2241).

[20]    Ms. Debbie Morton, who is the DOC Manager of the Administrative Review Unit, submitted two affidavits with summaries of the grievance procedure.  Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibits 7, 17 (Jan. 27, 2012).  The Western District of Oklahoma has held that a habeas claim involving placement at one of the four classification levels is grievable under this procedure.  *Whitney v. Jones*, Case No. CIV-09-55-D, slip op. at 2 (W.D. Okla. Mar. 23, 2009) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Aug. 31, 2009) (unpublished order by district judge).

[21]    Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 7 (Jan. 27, 2012).

[22]    *See, e.g.*, *Gorton v. Williams*, 309 Fed. Appx. 274, 275 (10th Cir. Feb. 2, 2009) (unpublished op.) (upholding an award of summary judgment to the defendant, on exhaustion grounds, in light of his evidence that the plaintiff had not submitted any grievances related to his claims).

III.    Claim Three: Misconduct Convictions in 2008, 2009, 2010, and 2011

Mr. Berryhill obtained disciplinary convictions in 2008, 2009, 2010, and 2011.[23] The claims involving the citations in 2008, 2009, and 2010 are time-barred, and the Respondent is entitled to summary judgment on this portion of Ground Three.  The claim regarding the 2011 misconduct claim is moot.

A.    The Misconduct Reports in 2008, 2009, and 2010

As noted above, a one-year period of limitations applies to each of the habeas claims.[24]  This period begins to run, at the latest, when the factual predicate had become reasonably discoverable to Mr. Berryhill.[25]  The misconduct reports in 2008, 2009, and 2010 resulted in disciplinary convictions on February 28, 2008,[26] October 6, 2009,[27] and February 11, 2010.[28]  The facility head upheld each misconduct conviction, and Mr. Berryhill

---

[23]    Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 at pp. 8-11 (Dec. 29, 2011).

[24]    *See supra* p. 5.

[25]    *See supra* pp. 5-6.

[26]    Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 9 at p. 10 (Jan. 27, 2012).

[27]    Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 16 at p. 10 (Jan. 27, 2012).

[28]    Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 22 at p. 7 (Jan. 27, 2012).

acknowledged receipt of these dispositions on March 21, 2008,[29] October 9, 2009,[30] and February 22, 2010.[31]  Thus, the allegations relating to the misconduct convictions in 2008 through 2010 were reasonably discoverable, at the latest, by February 22, 2010.  But, as discussed above, Mr. Berryhill waited until December 29, 2011, to file the habeas petition.[32] As a result, the one-year period of limitations had expired before Mr. Berryhill filed a habeas petition relating to the disciplinary reports in 2008, 2009, and 2010.  In these circumstances, the Respondent is entitled to summary judgment on these portions of Mr. Berryhill's third claim.

B.    The Misconduct Report in 2011

In the third claim, Mr. Berryhill also complains about a 2011 misconduct report. Although the Respondent does not raise mootness on this claim, the Court must address the issue because it involves subject-matter jurisdiction.[33]  Upon such review, the Court should conclude that the third claim is moot with respect to the 2011 misconduct report.

---

[29]    Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 9 at p. 10 (Jan. 27, 2012).

[30]    Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 16 at p. 10 (Jan. 27, 2012).

[31]    Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 22 at p. 7 (Jan. 27, 2012).

[32]    *See supra* p. 6.

[33]    *See Unified School District No. 259 v. Disability Rights Center of Kansas (DRC)*, 491 F.3d 1143, 1146-47 (10th Cir. 2007) (stating that the court lacks "subject matter jurisdiction over a case if it is moot"); *United States v. Hernandez-Garduno*, 460 F.3d 1287, 1291 (10th Cir. 2006) (stating that mootness must be raised *sua sponte* because the issue is jurisdictional).

Case 5:11-cv-01513-W   Document 46   Filed 07/26/12   Page 10 of 11

The Respondent has shown that notwithstanding a misconduct conviction in November 2011, authorities ordered a rehearing later in the same month.[34]  Roughly a month after Mr. Berryhill filed the federal habeas petition, authorities conducted a rehearing and again found him guilty.[35]  But because the habeas petition had already been filed, Mr. Berryhill could not have been complaining in that document about the rehearing.  Instead, the only possible claim would have involved the original finding of guilt in November 2011.  With nullification of that disciplinary conviction, the third habeas claim became moot with respect to the finding of guilt in November 2011.[36]  As a result, the Court should dismiss the portion of the third claim relating to the 2011 misconduct conviction.

IV.     Notice of the Right to Object

The Petitioner is advised of his right to object to this report and recommendation by August 13, 2012.[37]  If the Petitioner does object, he must file a written objection with the

---

[34]     Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 27 at p. 8 (Jan. 27, 2012).

[35]     Respondent's Motion to Dismiss and Brief in Support of Motion, Exhibit 28 (Jan. 27, 2012).

[36]     *See Smallwood v. Scibana*, 227 Fed. Appx. 747, 749 (10th Cir. Apr. 10, 2007) (unpublished op.) (holding that an action became moot when the petitioner had challenged procedures at the initial hearing, the misconduct conviction was vacated, and the same sanctions were imposed at the rehearing); *Anderson v. Evans*, 2006 WL 1049618, Westlaw op. at 1-2 (W.D. Okla. Apr. 17, 2006) (unpublished op.) (holding that a habeas action became moot with respect to a claim involving a disciplinary conviction when authorities ordered a rehearing and again found guilt and imposed the same penalties).

[37]     *See* 28 U.S.C. 636(b)(1) (2006); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

Court Clerk for the United States District Court, Western District of Oklahoma.[38]   The

Petitioner is further advised that if he does not timely object, he would waive his right to

appellate review over the suggested ruling.[39]

V.     Status of the Referral

      The referral is not discharged.

      Entered this 26th day of July, 2012.

Robert E. Bacharach
United States Magistrate Judge

---

[38]     *See Haney v. Addison*, 175 F.3d 1217, 1220 n.3 (10th Cir. 1999) (recommending inclusion in the body of a magistrate judge's report a notice that timely objections should be filed with the clerk of the district court).

[39]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).