IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVERN BERRYHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-11-1513-W |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

## Report and Recommendation:
## Supplemental Habeas Petition

Mr. Lavern Berryhill filed a habeas petition and a "supplemental petition." The undersigned has previously addressed the Respondent's dispositive motion, which related to the original petition. Mr. Berryhill's supplemental claims should be summarily dismissed on grounds involving expiration of the limitations period.[1]

The Court can *sua sponte* address the statute of limitations when the habeas petition reflects a time-bar.[2]

In the supplemental petition, Mr. Berryhill asserts two claims. The first involves a lack of evidence for misconduct convictions involving an assault in 1997 and an attempt to escape at an unidentified point in time. The second claim involves a misconduct conviction in 2001 for a threat to kill the prison warden.

---

[1]  *See* Rules 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.

[2]  *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").

A one-year period of limitations exists,[3] and it ordinarily begins when the conviction became final.[4] However, the limitations period could not begin to run until the factual predicate became reasonably discoverable.[5] Mr. Berryhill obviously knew in 1997 that he had been assaulted and in 2001 that he had been convicted in disciplinary proceedings for a threat to kill the warden. He does not say when he had experienced the disciplinary conviction for attempted escape. But that obviously took place by 2001 because he claims to have written the warden at that time about removal of the conviction from his record. Thus, the Petitioner has alleged facts in the supplemental petition that would have made the factual predicates for the two new claims reasonably discoverable by 2001. Nonetheless, Mr. Berryhill waited until 2011 to begin the present action.[6] The ten-year delay should result in summary dismissal of the two supplemental claims because they are untimely as a matter of law.

Mr. Berryhill is advised of his right to object to this report and recommendation by August 13, 2012.[7] If he does object, he must file a written objection with the Court Clerk for

---

[3] *See* 28 U.S.C. § 2244(d)(1) (2006); *see also Dulworth v. Evans*, 442 F.3d 1265, 1267-68 (10th Cir. 2006) (holding that the one-year limitations period under 28 U.S.C. § 2244(d)(1) applies to habeas actions challenging administrative decisions under 28 U.S.C. § 2241).

[4] See 28 U.S.C. § 2244(d)(1)(A) (2006).

[5] See 28 U.S.C. § 2244(d)(1)(D) (2006).

[6] The Court can assume *arguendo* that the two supplemental claims relate back to the date of the original habeas petition. *See* Fed. R. Civ. P. 15(c)(1).

[7] *See* 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

the United States District Court, Western District of Oklahoma.[8] The Petitioner is further advised that if he does not timely object, he would waive his right to appellate review over the suggested ruling.[9]

The referral is not discharged.

Entered this 26th day of July, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[8] *See Haney v. Addison*, 175 F.3d 1217, 1220 n.3 (10th Cir. 1999) (recommending inclusion in the body of a magistrate judge's report a notice that timely objections should be filed with the clerk of the district court).

[9] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).